Steven Zinnel, 66138-097
Federal Correctional Institution, Terminal Island
PO Box 3007
San Pedro, CA 90733-0207

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 31 2016

FILED_____ _____
DOCKETED_____ _____
         DATE              INITIAL

May 24, 2016

Peter Shaw, Commissioner
U.S. Court of Appeals for the Ninth Circuit
PO Box 193939
San Francisco, CA 94119-3939

Re: Motion for reconsideration of granting of the government's motion for a nine month extension of time
United States v. Steven Zinnel & Derian Eidson, Court of Appeals nos. 14-10141 & 14-10196 (consolidated)

Dear Commissioner Shaw:

I am writing to inform you that contrary to my attorney's unauthorized position, I in fact object/oppose, with every fiber of my being, the Government's motion for an unreasonable and unsupportable nine (9) month extension of time in which to file its Answering Brief in the above referenced case. Further, as the government's motion was filed on May 13, 2016, which I did not receive until Friday May 20, 2016 at 4:30 PM, clearly states my co-defendant opposes the government's motion. I presumed she was filing an opposition. Therefore, I was so devastated to learn from my attorney on Monday May 23, 2016 that the Court granted the government a nine month extension. Please accept this letter as my motion for reconsideration of the order granting the government's extension based on new facts.

After being informed of the Government's nine-month request a mere 12 days before their Answering Brief was due, I emailed my attorney Suzanne Luban three (3) times expressing in writing that I opposed any extension to the Government exceeding 30 days. Without waiving attorney client privilege, I used words like "DO NOT AGREE," "the Government has had our brief for 70 days," "this travesty of justice must stop," "your client is telling you no and to oppose any motion for an extension of time," "a nine month extension is unacceptable given we have been on appeal for 26 months now," "the Government has a floor full of lawyers and no medical problems or family crisis [like solo practitioner Suzanne Luban had necessitating a 7 month extension]," "I have already served more time than similarly situated defendants," "the DOJ is the world's largest law firm," "there is no reason it takes nine months to file an answering brief," "what the Government should do in this appeal is concede error and not waste scarce resources of the U.S. Attorney's Office and the Court of Appeal," and "Do not agree to an extension more than 30 days." Therefore, I was shocked and beside myself to learn that my attorney went against her client's express written communication and informed the Government lawyers that Appellant Zinnel did not oppose the nine month extension.

My attorney told me she was "protecting my interests because we would need an extension to file our Reply Brief." This makes no sense because even though we have 14 days to file the Reply Brief, it will take me between 5-7 days to receive the Government's Answering Brief via U.S. mail and 5-7 days for my lawyer to receive my input. I am quite sure, that you will allow a brief extension so the actual Appellant can read the Government's Answering Brief and have meaningful input. Especially considering this is a record full of errors and I received a 17.67 year prison sentence, which my exhaustive research reveals it the longest sentence for bankruptcy fraud in the history of the United States by almost double.

I clearly know I am represented by attorney Suzanne Luban. However, as I am highly prejudiced by Ms. Luban agreeing to a nine month extension and the court not being aware that I opposed the extension, I felt compelled to write you. The requested extension will result in me and my co-defendant unlawfully being in prison an additional nine more months than we should. Derian and I have a liberty interest that none of the attorneys involved with this appeal do. Thus, I write you directly to inform you I oppose any Government extension exceeding 30 days and my grounds:

GROUNDS

This appeal involves a criminal mater with two incarcerated defendants. The appellants have been incarcerated for almost three years now and this appeal has been pending for 26 months. My attorney, Suzanne Luban, is a sole practitioner who is also a

mother and law school educator. As the court docket reflects, unfortunately on October 16, 2014, Ms. Luban was the victim of a hit and run by a car whose occupants were fleeing police in a high speed chase through San Francisco. Another personal situation arose a few weeks after the car crash that was addressed in Ms. Luban's second declaration filed under seal. (see docket nos. 6 & 7 in case no. 14-10141). With much sympathy and understanding, I agreed to a seven month extension because I wanted Ms. Luban to continue to represent me on appeal. The excessive delays have caused me and my co-appellant much anxiety, consternation, and concern.

For over two years, the two Government lawyers have known about this appeal. Further, the U.S. Attorney's Office in Sacramento has a dedicated Appellate Chief, AUSA Camila Skipper, and I presume the tribe has quite a few Appellate Indians. The U.S. Attorney's Office is the largest law firm in the world. For many months, the government lawyers have know that appellants' briefs would be filed on March 1, 2016 and they were. The appellate briefs clearly demonstrate many reversible errors both in the convictions and the draconian sentences handed down by the first-time federal judge. Therefore, in this appeal, the government should concede error and join appellants in requesting that the Court of Appeal vacate the convictions and end this case. Significant scarce resources of the government, Court of Appeal, and the defense would be saved and the interest of justice would be served if the Government were to for once do the right thing in this case and concede error. Nevertheless, after having had the opening briefs for over 70 days, and with the government's answering brief due in 12 days, a government attorney contacted my attorney on May 11, 2016 and informed her that the government lawyers "would not be able to even start on the answering brief until October 2016" and sought an untenable nine month extension. If the extension were to be granted, there would likely not be an opinion in this case until four years after conviction.

As my district court sentencing memorandum and Appellant's Opening Brief demonstrate, similarly situated defendants received prison terms between 2 to 4 years with the average being around 25 months. At my sentencing, the district court compared me to Letantia Bussell who after being convicted by a jury for sophisticated bankruptcy fraud was sentenced to prison for 36 months (see U.S. v. Bussell, 504 F.3d 956 (CA 9, 2007). It is likely that with good time, RDAP, and halfway house, Ms. Bussell actually served about 14 months in prison. I have been unlawfully and unjustly incarcerated for 34 months now and my co-defendant has been held captive for 31 months.

The Government does not have to obtain trial transcripts or assemble the Excerpt of Record. Nor does the Government have to define the issues on appeal. The Government lawyers claim to be busy with trials. However, the Government has a floor-full of lawyers including an appellate section. Further, it is highly likely the cases they claim to be preoccupied with will plea out or the trials will get continued. Moreover, in a March 3, 2014 court filing opposing my motion to stay of forfeiture pending appeal, 26 months ago, the government called me spiteful for seeking a stay when the government lawyers represented to the court and their manufactured victims that they wanted to get disputed victims paid (see CR 314 at 1:22-25). Now the government wants the alleged victims to wait another nine months. The government lawyer's litigation tactics reveal that it is the government lawyers who are in fact spiteful as obviously the government lawyers are in no rush to get alleged victims paid including my ex-wife when they want to tack on another 9 months on to the 26 months that have already elapsed.

THE GOVERNMENT'S MOTION FOR EXTENSION OF TIME IS DISINGENUOUS, MISREPRESENTS, AND IS DEFICIENT

The first problem with this nine month request is that it is impossible to say right now if the government's plethora of attorneys will actually need that much time. The Government admits that there are two attorneys assigned to this appeal. Further, during trial, there were multiple attorneys and support staff in the courtroom every day. This demonstrates that the world's largest law firm has significant resources to devote to this case, when they want to.

As the Government cites in their motion, Circuit Rule 31-2.2 concerns Extensions of Time for Filing Briefs. Relevant portions of the Rule are:
(a) ...[a] party may obtain a single streamlined extension of time to file that brief not to exceed 30 days.

As the Government's motion demonstrates, the Government violates all of the above sections of Circuit Rule 31-2.2. After sleeping on their rights for 70 days, the government seeks a 270 days extension which is nine times more than the 30 day mandated by the rule.

(b)(5) movant's representation that movant has exercised diligence

The Government's motion represents to the court that "The government has been diligent in its efforts to complete this brief." Para. 4 of Hemesath Decl. However this conclusory statement provides not a single detail of those "efforts." Troubling, the representation to the court is contrary to the representation made to my attorney. On May 11, 2016 at 11:36 PM, my attorney Suzanne Luban sent me an email that stated in relevant part: "Audrey [Hemesath] called me today...and explained that between them, she and Matt [Segal] have 3 trials in the next several months, such that they will not be able to even start on the

brief until October." Thus, it appears there have been no efforts made by either of the two government attorneys assigned to this appeal in the past 70 days since they have had my brief and do not intend to make any effort for five more months.

A conclusory statement as to the press of business does not constitute a showing of diligence and substantial need.

The Government's motion details that each of the two government attorneys have two criminal trials. However, the government failed to include the anticipated duration of any of the trials. Further, AUSA Audrey Hemesath's are both 2012 case numbers so those cases have been pending for four years. Moreover, the first of AUSA Mathew Segal's "trials" does not start for four months from now and the second one does not start for eight months. There is no explanation why Mr. Segal cannot draft the Answering Brief right now before his trials start four months and eight months from now. Additionally, there is a noticeable gap in August, October, November, December 2016, and January 2017 without any explanation why neither assigned attorney could work on the Answering brief during those five (5) months. Also, under the "Speedy Trial Act," the Government should have been prepared to go to trial within 70 days of the indictments in the cases. Thus, there should not be too much prep work for the two Government attorneys.

The government's motion states: "These trials, combined with Mr. Segal's ordinary duties supervising a unit in my Office, make it impractical for Mr. Segal to litigate the appeal without me." First, I was certainly able file my Opening Brief with one lawyer. Second, trials and supervision by Assistant U.S. Attorneys in an Office filled with seasoned lawyers seems to be normal day-to-day work load and these conclusory statements appear to be what the Circuit rule mandates does not constitute a showing of diligence or substantial need.

The government also represents, without explanation, that appellants' briefs will take "an unusual amount of time to address." As there is no explanation as to why, this statement is also conclusory and inadequate.

I understand the government attorneys have trials and other commitments. That is what they are paid to do. However, things always change, as trials settle or get continued. It may well turn out that the government could get the brief done earlier, and by the same token, I worry that the government will get a nine month extension, but then as things shake out, the government lawyers will end up in trial again and will end up needing a further extension.

ANALYSIS OF FOUR CRIMINAL TRIALS REFERENCED IN THE GOVERNMENT'S MOTION

After receiving the government's motion for extension of time on May 20, 2016 and reading that each of the government attorneys each have responsibilities in two criminal trials that they claim make them "unable to dedicate the time necessary to prepare the government's answering brief," I requested the complete dockets for the four cases. I received the dockets in the mail on May 23, 2016 at 4:30 PM. I have analyzed the dockets and inform the court:

A. AUSA Audrey Hemesath's two cases

(1) U.S. v. Samchuk, 12-cr-66 GEB
The case involves bank fraud and identity theft counts and has been pending since January 27, 2012. There is one defendant who has one attorney under CJA appointment. The government has three attorney's of record. Ms. Hemesath is not the lead attorney. AUSA Andre Espinosa is. On February 20, 2014, the case was first set for trial on December 1, 2014. The trail has been continued several times. On May 9, 2016 the trial was continued to July 26, 2016. Thus, due to the fact that Ms. Hemesath is not the lead attorney and the case may settle or the trial continued, this case does not justify a nine month extension.

(2) U.S. v. Mitchell, 12-cr-401 KJM
The case involves receipt of a child pornography count and has been pending since November 5, 2012. There is one defendant how had one attorney under CJA appointment. The government has two attorney's of record. Ms. Hemesath is not the lead attorney. AUSA Josh Sigal is. Ms. Hemesath became associated into the case on December 8, 2015. The parties estimate the trial will last three or four days. Thus, this case does not appear to justify a nine month extension.

B. AUSA Matthew Segal's two cases

(1) U.S. v. Marty, et.al. 2:13-cr-217 KJM
The case involves conspiracy to defraud, false claims against the United Sates, retaliatory liens against federal employees, and unauthorized disclosure of social security numbers and the case has been pending since June 20, 2013. There are five defendants. The government has four attorneys of record. Mr. Segal is the lead attorney. Trial is estimated for two to three weeks and is set for September 19, 2016. Thus, this case does not appear to justify an extension as AUSA Segal has four months to draft the Answering Brief and he has three other government attorneys helping him out on the criminal case going to trial, or not, on September 19, 2016.

(2) U.S. v. Muller, 2:13-cr-217 KJM
This case involves one kidnapping count and the case has been pending since June 29, 2015. There is one defendant with CJA appointed counsel. (The defendant's counsel is Thomas Johnson, who provided me with total ineffective assistance of counsel under Strickland v. Washington in my trial in this case.) The government has two attorneys of record who are both listed on the docket as lead attorneys. On January 14, 2016, the trial was set for January 30, 2017. Thus, this case does not appear to justify an extension as AUSA Segal has eight months to draft the Answering Brief before going to trial, or not, on January 30, 2017.

CONCLUSION

Based on the aforementioned, the government's motion is woefully inadequate as it fails to demonstrate a showing of diligence or substantial need. Further, both appellants oppose the nine month extension. Appellants are two parents, were productive human beings, had no criminal history, and as their Opening Briefs demonstrate, have been wrongfully convicted. Appellants

have already been incarcerated almost three years, the government has done nothing on this appeal in the last 70 days (other than drafting a simple deficient motion), and the government seeks 270 days of an extension. A nine month extension could result in this criminal appeal being pending for around 3.5 years.

I have never seen a party ask for a nine month extension. Nor have I seen a seven month extension, but my sole practitioner attorney had difficult medical and family crisis circumstances that were extraordinary. There is nothing preventing the government form seeking even further extensions after nine months expires. The government attorneys seem to be importing heir trial court tactics to this reviewing court. I believe the government's excessive request is a deliberate staling tactic of a party that knows it is about to lose.

If the government is insistent on the extension they seek, they should be required to stipulate to releasing appellants on bail, on their own recognizance, pending appeal. What justice demands in this case is that the government concedes error. It is the right thing to do and will save scarce U.S. Attorney's Office and Court of Appeal resources.

I respectfully, but earnestly request that the court reconsider the order granting the nine month extension, and issue a new order providing the government a 30 day extension which result in them having 100 days to draft their Answering Brief or concede error.

Seeking justice in a highly unjust case thus far,

Steven Zinnel

cc: Mathew Segal, Audrey Hemesath, and Appellate Chief Camila Skipper, attorneys for Appellee (see Certificate of Service)
    Suzanne Luban and Becky James, attorneys for Appellants (see Certificate of Service)

# CERTIFICATE OF SERVICE

I, ___STEVEN ZINNEL___, certify that on this 25TH

day of ___MAY___, 2016 that I sent first class postage

prepaid, or other delivery charges prepaid, by depositing

said documents herein-listed with prison authorities at the

Mail Room of the Federal Correctional Institution at Terminal

Island, for mailing through the United States Postal Service,

pursuant to <u>Houston v. Lack</u>, 487 U.S. 266, 270-271, 108 S.Ct.

2379, 101 L.Ed.2d 245 (1988) (holding that a Pro. Se prisoner's

filing was deemed filed on the date of delivery to prison

authorities for filing with the court), mailing copies of

the foregoing:

LETTER DATED 5/24/16 FROM STEVEN ZINNEL to PETER SHAW

to the following individuals and/or entities:

(1) BECKY JAMES
JAMES & ASSOC.
11999 SAN VICENTE BLVD, #240
LOS ANGELES, CA 90049

(2) SUZANNE LUBAN
3758 GRAND AVE, #4
OAKLAND, CA 94610

(3) AUSA CAMILA SKIPPER
(4) AUSA MATTHEW SEGAL
(5) AUSA AUDREY HEMESATH
U.S. ATTORNEY'S OFFICE
501 I ST., STE 10-100
SACRAMENTO, CA 95814

I certify under the penalty of perjury that the foregoing

is true and correct, pursuant to 28 U.S.C. /§ 1746 of the United

States Code.

___STEVEN ZINNEL___

Fed. Reg. No. 66138-097
Federal Correctional Institution
Terminal Island
Post Office Box #3007
San Pedro, California 90731-0207